**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RICHARD B. GOODIN, SR.,

    Plaintiff,

v.                                               CASE NO.: 3:11-cv-149-J-32JRK

FIDELITY NATIONAL TITLE INSURANCE
COMPANY,

    Defendant.

_____

**ORDER**

This case is before the Court on Defendant Fidelity National Title Insurance's Combined Motion and Memorandum of Law to Dismiss Plaintiff's Amended Complaint as Res Judicata and/or for Failure to State a Claim and/or for Lack of Subject Matter Jurisdiction (Doc. 22; Motion to Dismiss) and Plaintiff Richard B. Goodin Sr.'s Motion for Declaratory Action and Combined Memorandum of Law (Doc. 34; Motion for Declaratory Action). Goodin has filed a response in opposition to Fidelity's Motion to Dismiss (Doc. 30; Response) and Fidelity has filed a response in opposition to Goodin's Motion for Declaratory Action (Doc. 35).

**I. Background Facts**[1]

In 2005, Goodin purchased title insurance from Fidelity for a house he had recently bought

---

[1] The Court supplements the facts as stated in Goodin's Amended Complaint (Doc. 19) with facts gathered from Goodin's exhibits attached to his Complaint.

in Hawaii.  Ex. 19, Plaintiff's Complaint, Case No. 1:07-cv-74-DAE-BMK ¶ 8;[2]  Ex. 11 at 3.[3] Subsequently, when Goodin tried to gain actual possession of his new house, he found it occupied by a couple, the Wrights.  Id.  An action to determine ownership ensued, and though Goodin appealed to Fidelity to defend him in the matter, Fidelity refused.  Amended Complaint (Doc. 19) ¶ 5; Ex. 3, Letter from Fidelity to Goodin, dated Feb. 23, 2006.  Goodin retained and lost counsel twice before proceeding with the property action pro se.  Ex. 11 at 4; Ex. 19 ¶ 17. Ultimately, the circuit court in Hawaii found that Goodin was a bona fide purchaser and was

---

[2]   The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment.  This is because such documents are capable of accurate and ready determination.  Makro Capital of America, Inc. v. UBS AG, 372 F. Supp.2d 623, 627 (S.D. Fla. 2005)(citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999)); see also Universal Express, Inc. v. SEC, No. 05-13142, 2006 WL 1004381, at * 1-2 (11th Cir. 2006).  Thus, the Court may take judicial notice of documents filed in other judicial proceedings, because they are public documents, without converting the motions to dismiss filed herein to motions for summary judgment, see Universial Express, 2006 WL 1004381, at * 2, for the limited purpose of recognizing the "judicial act" taken, or the subject matter of the litigation and issues decided (as opposed to adopting the findings of fact made therein).  Young v. City of Augusta, Ga.,  59 F.3d 1160, 1166 n.11 (11th Cir. 1995); In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir. 1995). Furthermore, the Court may consider the record in previous cases to clarify the meaning of the court orders.  Wagner v. Daewood Heavy Industries America Corp., 289 F.3d 1268, 1274 n.7 (11th Cir.), vacated on different grounds, 298 F.3d 1228, 314 F.3d 541 (11th Cir. 2002). See generally Schafler v. Indian Spring Maintenance Ass'n., 139 Fed. Appx. 147, 149 (11th Cir. 2005)(court took judicial notice of orders issued in previous lawsuits finding requirements of *res judicata* met and dismissing complaint).

Accordingly, on the motion of both parties, the Court takes judicial notice of the following two cases and their records: Wright v. Williams, et. al., Civil No.: 05-1-0019, Circuit Court for the Third Circuit of Hawaii, and Goodin v. Fidelity National Title Ins., et. al., Case No. 1:07-cv-00074-DAE-BMK, United States District Court in the District of Hawaii.

[3]   Order Denying Plaintiff's Motion for Default Judgment and Motion for Judgment on the Pleadings; Granting Defendant Cynthia Linet's Motion for Summary Judgment; and Granting Defendants' Jade Lynne Ching, Shellie K. Park-Hoapili, and Alston Hunt Floyd & Ing's Motion for Summary Judgment at 2 (Ex. 11).

therefore entitled to actual possession and rent from the Wrights for the period the Wrights occupied the property.  See Ex. 21, Judgment as to Civil No. 05-1-19, Circuit Court of the Third Circuit of Hawaii, June 12, 2008.

After his success in circuit court, Goodin filed a complaint against Fidelity and several other defendants in federal court in Hawaii alleging legal malpractice, breach of contract, "legal fraud" and conspiracy to commit fraud, all arising from the events surrounding the preceding property action.  See Ex. 19.  The court granted summary judgment in favor of all defendants except Fidelity.  See Ex. 11.  In a later judgment the court dismissed without prejudice Goodin's breach of contract claim against Fidelity, finding that the court lacked jurisdiction because Goodin had failed to properly allege the $75,000 amount in controversy required for federal diversity jurisdiction.  Goodin v. Fidelity National Title Insurance, Case No. 07-00074-DAE-BMK, 2008 WL 4173530 at *4 (D. Haw. Sept. 9, 2008).

Goodin brings his current suit against Fidelity alone and alleges that Fidelity breached its obligation under the title policy in bad faith by failing to defend Goodin in the state circuit court property action.  Amended Complaint ¶¶ 4, 8, 13, 29, 30.  Also, Goodin again alleges legal malpractice, conspiracy to commit fraud, fraud, and "legal fraud," but this time he asserts these torts only against Fidelity, arguing that Fidelity is ultimately responsible for the alleged misdeeds of the defendants against whom Goodin previously brought suit in federal court in Hawaii.  See id.  Fidelity has moved to dismiss Goodin's Complaint because: (1) Goodin's claims are barred by res judicata; (2) Goodin has failed to allege facts on which relief may be granted; and (3) Goodin has once again failed to meet the amount in controversy requirements for federal diversity jurisdiction.  See Motion to Dismiss.  The Court will address Fidelity's argument as to amount in

controversy before it reaches Fidelity's arguments as to the merits of Goodin's Complaint

## II. Amount in Controversy

To invoke a federal court's diversity jurisdiction, a plaintiff must assert both complete diversity of citizenship between the parties and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. Federated Mut. Ins. Co. V. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (citing St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed 845 (1938)). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." Siren, Inc. v. Estes Express Lines, 249 F.3d 1268, 1274 n.6 (11th Cir. 2001)(quoting St. Paul, 303 U.S. 283 at 289).

In his previous suit against Fidelity in Hawaii, Goodin claimed $10,000,000.00 in general and punitive damages. After the court dismissed Goodin's other claims on summary judgment, the court noted that punitive damages are generally unavailable in claims for breach of contract, and so, for the purposes of determining the amount in controversy, it took into account only Goodin's legal fees and Goodin's travel expenses as potential damages. Goodin, 2008 WL 4173530 at *2. Ultimately, the court concluded that Goodin's remaining breach of contract claim was for $34,705.40, much less than the jurisdictional threshold. Id. at * 4. However, in a hearing on the matter the District Judge stated that he would grant dismissal without prejudice on the chance that Goodin would lose his house to the Wrights, in which case the property value of the

house would satisfy the amount in controversy requirement.  Ex. 12, Case No. 1:07-cv-00074-DAE-BMK, Transcript of Hearing Before Honorable David Alan Ezra, United States District Judge, Aug. 21, 2008 at 22-23.

Here, Goodin demands $20,000,000.00 in general and punitive damages.  Amended Complaint ¶ 35.  However, Goodin did not lose his house to the Wrights, nor has Goodin alleged that any misconduct has occurred between his previous suit and now.  Indeed, Goodin's Complaint lists no other specific claim as to his losses due to Fidelity's alleged misconduct. Therefore, his out-of-pocket losses are presumably the same as they were in Hawaii: $34,705.40. Consequently, Fidelity argues that Goodin has once again failed to allege the proper amount in controversy.  In response, Goodin argues only that he has met the required $75,000 amount because his policy with Fidelity is worth up to $125,000.  Response ¶ 2.  Because Goodin is pro se and "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008), the Court will also address Goodin's demand for punitive damages and the injuries alleged in the Complaint.

Goodin's argument that his policy limit with Fidelity can serve to satisfy the amount in controversy is misguided.  Many courts have held that it is the value of the claim at issue, not the value of the policy limit, that is considered for purposes of determining the amount in controversy. Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762 at *2 (S.D. Fla. Mar. 21, 2008) (collecting cases); see also Green v. Travelers Indem. Co., No. 3:11-cv-922-J-37TEM, 2011 WL 4947499 at *1 (M.D. Fla. Oct. 18, 2011); Fields v. Travelers Indem. Co., No. 2:08-cv-155-WKW, 2008 WL 2225756 at *2 (M.D. Ala. May 28, 2008) ("The policy limit, although not

irrelevant, does not establish the amount in controversy where, as here, the policy holder has not alleged a total loss and instead alleges damages in an amount well below the policy limit."). Goodin does not now seek, nor has he ever sought, the value of the title insured by Fidelity. Rather, Goodin seeks damages that resulted from Fidelity's failure to defend him in his suit against the Wrights, which he won. Therefore, it is improper to consider the face value of the policy as the amount in controversy.

Thus, Goodin's argument that his case exceeds the jurisdictional threshold is now limited to his demand for $20,000,000.00. A review of the Complaint reveals that Goodin has asserted two injuries. First, Goodin asserts that due to the series of events that occurred as a result of Fidelity's failure to defend him, he has suffered stress, mental anguish, and financial costs. Amended Complaint ¶ 8. Second, Goodin claims that a party dismissed on summary judgment in Hawaii filed a Notice of Pendency of Action on his property against his wishes, thereby limiting Goodin's ability to sell the property. Id. ¶ 34.

From the record before the Court, it appears to a "legal certainty" that Goodin cannot recover the amount necessary to satisfy the jurisdictional threshold. Even assuming arguendo that any of his non-contract claims would support a claim for mental distress damages, his allegations of "mental anguish and stress" are impermissibly vague. Moreover, the Court is skeptical of any claim alleging that jurisdiction exists when that claim depends primarily upon the accrual of intangible damages. Cf. Cohen v. Office Depot Co., 204 F.3d 1069, 1080 n.10 (11th Cir. 2000) (noting that arguably when an amount in controversy depends substantially upon a claim for attorney's fees, that claim should receive heightened scrutiny); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) (finding that when a claim for punitive damages

comprises the bulk of the amount in controversy and may have been asserted solely for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny). Goodin actually won his property action, and he has not alleged any specific injury related to stress which would allow the Court to conclude that non-economic damages should be counted on to establish the amount in controversy; nor has he identified any "financial costs."

Additionally, Goodin's claim that a Notice of Pendency of Action (NOPA) filed by a third party stripped him of his opportunity to sell his home was resolved in Hawaii. There, the court found that Goodin presented no facts to show that the third party intended to injure Goodin, or that the NOPA caused any harm to Goodin. Ex.11 at 24. Further, the court observed that the Wrights had filed a NOPA nearly four months before the third party filed its NOPA. Id. Therefore, the court noted, even if the NOPA at issue would restrict Goodin's ability to warrant marketable title, the first NOPA already provided the same limitations. Id. Here, Goodin alleges no additional fact which could lead the Court to a different conclusion. Indeed, Goodin even attaches the Hawaiian District Court's order to the Complaint, thereby incorporating it into the allegations already set forth.

Finally, a court must consider punitive damages when determining whether it has jurisdiction, unless it is "apparent to a legal certainty that such cannot be recovered." Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). As before, Goodin's Complaint and attachments thereto are devoid of evidence that there is any basis for an award of punitive damages. Under Florida law, punitive damages for claims of bad faith may not be awarded "unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are: Willful, wanton, and malicious" or "in reckless

7

disregard for the rights of any insured." Fla. Stat. Ann. § 624.155(5)(a) & (b) (2011). The Complaint includes no allegations that indicate a general business practice by Fidelity of "reckless disregard" or "willful and wanton and malicious" misconduct. Indeed, Goodin states only that "[p]laintiff Goodin feels the Defendant Fidelity has exercised bad faith in refusing the Plaintiff a defense as required by the contract." Amended Complaint ¶ 30. Additionally, Florida law mandates that a defendant in a tort action be held liable for punitive damages only if found personally guilty of intentional misconduct or gross negligence. Fla. Stat. Ann. § 768.72 (2) (2011). A review of the record shows no possibility that Goodin could recover punitive damages on these facts. Consequently, it is apparent to a legal certainty the Goodin cannot recover punitive damages. See Holley, 821 F.2d at 1535 (reviewing applicable law and affirming the district court's dismissal of a plaintiff's claim when the court found the record devoid of any evidence of intentional misconduct).

Notably, in Goodin's Complaint he demands $20,000,000.00, exactly double the $10,000,000.00 demanded in his previous complaint in the District Court of Hawaii. This $20,000,000.00 damages claim is fanciful on its face. While the Court is required to find by a "legal certainty" that Goodin cannot recover his asserted amount before dismissing his case, it need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 770 (11th Cir. 2010) (citing Roe v. Michelin North America, Inc., 637 F. Supp. 2d. 995, 999 (M.D. Ala. 2009)). Therefore, the Court, applying its common sense, finds to a legal certainty that Goodin's damages fail to meet the jurisdictional threshold.

### III. Goodin's Motion for Declaratory Action

Goodin seeks a "declaration of rights." Motion for Declaratory Action ¶ 3. Goodin contends that a declaratory finding in his favor would result in Fidelity's liability and compensation for him. Id. ¶¶ 5-7. However, Goodin's Declaratory Motion does not seek relief separate from that Goodin seeks in his Amended Complaint and thus, the Court has no subject matter jurisdiction over the alleged declaratory judgment action. See Doc. 19.

Accordingly it is hereby:

**ORDERED:**

1. Defendant Fidelity's Motion to Dismiss (Doc. 22) is **GRANTED**. Plaintiff Goodin's Amended Complaint (Doc. 19) is **DISMISSED** due to lack of subject matter jurisdiction. The Court expresses no view on whether Plaintiff Goodin may bring a claim for breach of contract in the proper state court.

2. Plaintiff Goodin's Motion for Declaratory Action (Doc. 34) is also **DENIED** for lack of subject matter jurisdiction.

3. The clerk shall terminate all pending motions and close the file.

**DONE and ORDERED** in Jacksonville, Florida this 14th day of February, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

kh.
Copies To:
Richard B. Goodin, Sr.
Counsel of Record